HOLLENBACK, RESPONDENT, v. DINGWELL ET AL., APPELLANTS.

[Submitted June 18, 1895. Decided June 24, 1895.]

DAMAGES—*Contributory negligence—Breaking of dam.*—Failure of a person living on a stream below a dam, and having knowledge of its dangerous condition, to institute proceedings to have the dam judicially examined and made secure or removed, as authorized by the provisions of chapter 56, Fifth Division of the Compiled Statutes, does not constitute contributory negligence so as to defeat his right to recover for damages resulting from the subsequent breaking of the dam.

*Appeal from Third Judicial District, Deer Lodge County.*

ACTION for damages. Plaintiff had judgment below. Defendants' motion for a new trial was denied by WOODY, J. Affirmed.

*Cole & Whitehill* and *Cullen & Toole,* for Appellants.

In February, 1877, a law was passed by the legislature of the territory of Montana, covering generally the subjects of dams and reservoirs, providing for an examination into their sufficiency, trial by jury, without cost or expense to the complainant, in cases where his complaint was sustained, and with ample provisions for the abatement of the nuisance, etc. (Page 912 to 916, Rev. Stats. of Montana.) The foregoing statute would have afforded ample protection in this case, if its wise provisions had been invoked. The plaintiff is presumed to have known of its existence. Where the law exacts the exercise of ordinary prudence upon the part of one to prevent damage, and supplies the machinery necessary to obviate the damage, and it does not involve a trespass upon the property of another, "ordinary prudence" cannot be said to consist in standing defiantly in the pathway of known danger, trusting to a lawsuit to compensate him, when he might have averted it. "The fact that the plaintiff might have abated a nuisance caused by obstructing a ditch, but did not, it being necessary to go upon the defendant's land for that purpose, will not af-

fect his right of action for damages. Where, however, the plaintiff has access to the nuisance, or the means or opportunity of avoiding or mitigating the injury which causes it, it is his duty to abate the nuisance, or take the proper measures for preventing or lessening the damages therefrom. Where this duty arises, damages are limited to such as are or would be suffered if the duty had been performed, added to the expense incident to the performance of that duty. If the plaintiff, having the opportunity, without incurring a liability for trespass, neglects to exercise ordinary care and diligence to prevent injury, he may be denied any recovery on the ground of contributory negligence." (Sutherland on Damages, Vol. 3, page 420–421; *Van Pelt* v. *City of Davenport*, 42 Ia. 308; *Simpson* v. *City of Keokuk*, 34 Ia. 568; *Locker* v. *Damond*, 17 Pick. 288; *Hamilton* v. *McPherson*, 28 N. Y. 76; Field's Lawyers' Brief, Vol. II, p. 390, and cases cited. *Chase* v. *New York Central R. R. Co.*, 24 Barb. 273; *Little* v. *Maguire*, 43 Ia. 448; Beach on Contributory Negligence § 13; *Flemming* v. *W. P. R. Co.*, 49 Cal. 257; *Glasscock* v. *Cent. Pac. R. R. Co.*, 73 Cal. 137; *Abend* v. *Terre Haute & Indianapolis R. R. Co.*, 53 Am. Rep. 619-20.)

*Rogers & Rogers* and *W. H. Trippet*, for Respondent.

Counsel cited: 16 Am. & Eng. Ency. of Law 990, Beach on Contributory Negligence, §§ 20, 21, 24, 25, 26, 31, 33, 34, 45, 54 and 59; *Texas Etc. R. Co.*, v. *Young*, 60 Tex. 201; *Hays* v. *Gainesville Street Ry. Co.*, 8 Am. St. Rep. 624 and note; *Wolf* v. *St. Louis 1. W. Co.*, 15 Cal. 319; *Beers* v. *Board of Health*, 48 Am. Rep. 256.

HUNT, J.—The plaintiff, a ranchman living on Griff creek, sues the defendants for negligently constructing and maintaining a dam used to store quantities of water at the outlet of Griff Lake, about 4½ miles above plaintiff's ranch. In June, 1892, the dam broke away, and the body of water behind it ran down upon plaintiff's farm, washing away the soil, destroying the buildings, tearing up his fences and crops, and

generally doing him great damage. The jury awarded the plaintiff damages in the sum of $1,200. The defendants moved for a new trial, and appeal from the order denying said motion.

The defendants do not contend in this court that the plaintiff was not injured by the breaking away of the dam, nor is there any question raised of the justness of the amount awarded, provided the plaintiff could recover at all, so that we need only consider the single point presented—whether the verdict of the jury is against the law.

The court, after charging the jury upon the law of negligence, and as to the measure of care necessary to be exercised on the part of defendants, instructed as follows: "The jury are instructed that the plaintiff had a right, without incurring liability for trespass, under the laws of the state of Montana, to have said dam examined and declared a nuisance, and to have had the same abated, without costs to him, if the same was dangerous to life or property by reason of its negligent construction, or any other defect therein, whereby the same was unsafe or dangerous to life or property situate or being upon the stream below it. And if you believe from the evidence in this case that the plaintiff, for a year, or a longer period, immediately prior to the breaking of said dam, had the opportunity to know that said dam was in a dangerous and unsafe condition, and that he believed it was dangerous and unsafe, then it was his duty, as an ordinarily careful, prudent, and discreet man, to have invoked the law of the state, and have had said dam examined, and, if found unsafe, to have had it removed, or the nuisance abated, so as to prevent said injury and damages to his property, as the law makes it the duty of a person who has the means or opportunity of avoiding an injury, without committing a trespass upon the property of another, to take the proper measures to abate the nuisance and prevent the threatened injury and damages, and if he fails to do so he is guilty of contributory negligence, and cannot recover."

The law of the state referred to in the instruction is the act

of February 16, 1877, concerning dams and reservoirs (chapter 56, Fifth Division of the Compiled Statutes.) By the provisions of the law just cited, persons constructing or using dams or reservoirs are required to build them in a substantial manner, so that they will safely and securely hold waters, if upon the stream upon which any such dam or reservoir is situated, and below the same, there are settlers whose lives may be endangered, or valuable property which may be damaged or destroyed, by the breaking of such dam or reservoir and the escape of the waters therefrom. It is further provided by said law that if any one makes a complaint to the effect that any person is filling a dam or reservoir, and that life or property is or will be thereby endangered, the district judge shall appoint three persons to examine the dam or reservoir, and determine as to its security. These persons shall report to the district judge. If they find that it is imminently dangerous they are empowered to draw the waters from the reservoir, to insure the safety of the persons and property below the same, or if they find it insecure, but not imminently dangerous, they shall report their finding to the district judge, who is required to cause a copy of said finding to be served on the owners of the dam, with a notice to proceed forthwith to make the dam secure, or to draw the water without delay, and that unless the owner comply with the notice, or shall show that the dam is secure, or that no property or life would be endangered by its giving away, it shall be the duty of the district judge to issue a writ commanding the sheriff to draw from said dam the waters thereof. The hearing provided for shall be before a jury of twelve. An appeal may be taken upon giving to the persons holding property on said stream, below said dam, security against loss or damage resulting from the bursting of said dam or reservoir. The person making complaint of the insecurity of the dam shall, in the first instance, advance the necessary expenses of the jurors, and their fees, which sums may be recovered when judgment is rendered. Any person guilty of erecting or maintaining a dam or reservoir which endangers life or property in the manner provided

for in the chapter referred to shall be deemed guilty of erect-
ing or maintaining a nuisance, and, being thereof convicted,
shall be punished as provided by law.

It is admitted that plaintiff did not institute any proceeding,
under this statute or otherwise, to have the dam declared dan-
gerous, or a nuisance to the public. The jury, therefore, by
finding for the plaintiff, utterly disregarded the particular in-
struction quoted above.

In passing upon the motion for a new trial, however, the
learned judge of the district court permitted the verdict to
stand, entirely changing his view of the law as given in the
first instance, thereby holding that an omission to invoke the
aid of the statutory right to have the safety of the dam in-
quired into by judicial proceeding was not an act of negligence
on plaintiff's part, which so far (if at all) contributed to the
overflow of his farm as to preclude him from obtaining relief
in this action.

The appellants do not ask the court to reverse the case upon
the question of practice,—that because the jury confessedly
disregarded the law as given to them by the court, whether
right or wrong, a new trial should be had,—but rely upon the
ground that the instruction, as given, was the law, and that the
jury, under the plain facts in evidence, disobeyed the law
when they awarded plaintiff damages, it being an undisputed
fact that he had never complied with the provisions of the
statute authorizing complaint to be made before the district
court. But it appears clear to us that the statutes which au-
thorized proceedings to have a dam examined, to determine its
safety or danger, and to try that issue, simply declare a per-
mission and right, and prescribe how the same may be availed
of, without imposing any legal duty whatever. (*Texas, etc.*,
*Railroad Co.* v. *Young*, 60 Tex. 201.) Surely, to maintain a
dam which imperils the safety of many people is a nuisance;
hence the right to have the same abated was in the plaintiff,
whether conferred by statutory authority or by the common
law. (Wood on Nuisance, § 3; *Mayor, etc.*, v. *Bailey*, 2
Denio 433.).

A method was fixed by statute by which inquiry could be had into the construction of the work, for the purpose, evidently, of laying down a plain, certain, and expeditious procedure, capable of being summarily invoked by one who considered himself or his property in great or imminent peril. But we cannot believe that a compliance with the method is a condition precedent to maintaining a suit in negligence for the breaking of the dam. Plaintiff simply omitted to invoke a special proceeding whereby suspicion of great danger might be acted upon by following a statute, and advancing fees and costs as a guarantee of good faith. How can it be said that plaintiff was guilty of negligence at all, or how could such omission be said to be the juridical cause of the breaking of the dam? "The negligence of plaintiff," says Wharton on Negligence (section 324), "to make it a juridical cause, must be such that by the usual course of events it would result, unless independent disturbing moral agencies intervene, in the particular injury. It may be negligence in me to cross a railroad on a level, when, by going a mile round, I could cross on a bridge. Yet this negligence, in case I am struck by a train, is not the juridical cause of the collision, if I keep a good lookout when I reach the road. I may negligently leave my goods in a warehouse, but this is not the juridical cause of their destruction, if such destruction comes, not as a natural and usual result of my negligence, but through the negligence of another, who sets fire to the warehouse." The defendants' dam did not overflow and break because the plaintiff omitted to complain of its construction before the district judge; that is, there is a total lack of connection of cause and effect necessary to be established to justify the argument that plaintiff contributed to his own damage. (Shear & R. on Negligence, § 25; Thompson on Negligence, p. 1151.)

It is beyond dispute that defendants were in duty bound to use all reasonable care to maintain their dam in a safe and suitable condition with relation to its uses and to the safety of life and property of others below them on the creek. (Angel on Water Courses, § 336; Cooley, Torts, p. 570; *Gray* v.

*Harris*, 107 Mass. 492.) And it was a breach of this duty that caused the plaintiff's damage, without any act of omission on plaintiff's part, amounting to a want of ordinary care, which produced the breaking or overflow.   "The two essential elements in contributory negligence are a want of ordinary care on the part of the plaintiff, and a casual connection between that and the injury complained of; the rule being that a plaintiff cannot recover damages for an injury he has sustained, if the injury could have been avoided by the exercise of ordinary care on his part." (Beach on Contributory Negligence, § 9.)

Plaintiff did all that could be reasonably expected of him. He notified the defendants of the condition of their dam.   He had a perfect right to live upon the creek, and it would be highly unreasonable to require him to repair a defectively constructed dam belonging to others, and for the defectiveness of which he was in no wise responsible.   It would likewise be a bad precedent to exonerate the defendants, otherwise clearly negligent, because a settler below them did not avail himself of the statutes quoted, which, as we have said, were a permission expressly accorded to him, but certainly never were intended to shield those who were careless from liability in damages for the consequences of negligently maintaining a fearful danger to those lawfully occupying their homes below the point of such danger.

These views render it unnecessary to discuss principles which might be applicable if plaintiff was a transgressor himself, seeking to hold defendants liable for their negligent acts. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.